**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LANA LEGUIA,<br>Plaintiff, | **Civil Action No. 3:26-cv-10263-ZNQ-TJB** |
| v. | **Hon. Zahid N. Quraishi, U.S.D.J.** |
| DR. DALE G. CALDWELL, in his official capacity as Secretary of State of New Jersey,<br>Defendant. | |

**CERTIFICATION OF COUNSEL REQUESTING PERMISSION TO SUPPLEMENT THE RECORD FOR THE LIMITED PURPOSE OF SUBMITTING A DECISION OF THE SECRETARY OF STATE AND ONE UNPUBLISHED COURT DECISION AND ONE JUDGMENT.**

I, RENÉE STEINHAGEN, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey and the Executive Director of New Jersey Appleseed Public Interest Law Center ("New Jersey Appleseed" or "NJA"). I submit this certification in support of Plaintiff Lana Leguia ("Plaintiff")'s request to supplement the record of the August 25, 2026 preliminary-injunction hearing with the attached decision of the Secretary of State, *Salcedo v. Altman*, OAL STE 04941-26 and STE 05015026 (April 1, 2026) and two unpublished court documents: a state unpublished decision, *Empower Our Neighborhoods v. Guadagno*, 2014 WL 1315198 (Law Div. March 31, 2014), *aff'd,*

453 N.J. Super. 565 (App. Div. 2018), and a consent judgment in *Green Party et al v. Division of Elections,* Docket MER-C-125-06 (Oct. 17, 2007).

2. The decision of the Secretary of State is a public record, of which the Court can take judicial notice pursuant to Fed. R. Evid. 201 and was briefly discussed during the trial.

3. Good cause exists for the requested supplementation. The proposed evidence is directly relevant to the issue of the Secretary of State's policy and practice to apply the *Arsenault* holding to Democratic and Republican candidates for all offices. Specifically, the case of Ms. Altman's use of circulators who were registered to vote out-of-state (and were considered out of state circulators despite their attendance at Princeton University) was raised at trial and specifically was mentioned by Plaintiff and, I believe defendant New Jersey Republican State Committee ("NJRSC") as well.

4. Plaintiff also discussed this decision in her Reply Brief; but at the time the brief was submitted, I had not been able to secure the actual decision and instead cited to a newspaper article, Sophie Nieto-Munoz, "NJ Secretary of State Dale Caldwell agrees Sue Altman can run in crowded Dem primary," NJ MONITOR (April 2, 2026). The decision was not located in the Rutgers Law library that includes ALJ decisions (*i.e.,* njlaw.rutgers.edu/OAL/index/php) and when I reached the Division of Elections, they said that would I would need to file an official OPRA

req request, that has a 7-day return delivery date.

5. Within days of my appearance as co-counsel in this case, I tried to contact the lawyer who actually represented Ms. Altman, but he was, and still is, on vacation. I was able to speak with another member of his firm, but it took that person several days to locate the decision. I received the document electronically sometime during the trial, but was not on-line so was unaware that it had been sent to me.

6. This document can be considered by the Court without reopening the hearing or delaying the Court's anticipated August 31 disposition.

7. Plaintiff does not seek to reargue matters already presented. To avoid any prejudice, I served the proposed decision on all counsel and asked permission to submit it. Both parties agreed to the submission.

8. In addition, Plaintiff would like to submit the Consent Judgement in Green Party *Green Party et al v. Division of Electionss, supra,* and the unpublished state trial court decision in *Empower Our Neighborhoods, supra.* Both were cited in Plaintiff's Reply Brief and were mentioned in Plaintiffs' opening statement. They were not attached in an appendix to that brief simply because I did not know that doing so was permitted in federal court. Neither the Secretary nor the NJRSC oppose submission of such documents.

9. Therefore, Plaintiff Lana Leguia respectfully requests that the Court permit her to submit the afore-described documents.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 26, 2026

/s/ Renée Steinhagen
RENÉE STEINHAGEN