ARCHER & GREINER PC
ATTORNEYS AT LAW

**Maureen T. Coghlan**
*Member of New Jersey and Pennsylvania Bars*
mcoghlan@archerlaw.com
856-354-3034 Direct
856-795-0574 Direct Fax

Archer & Greiner, P.C.
10 Highway 35
Red Bank, NJ 07701-5902
732-268-8000 Main
732-345-8420 Fax
www.archerlaw.com

August 28, 2026

Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court
U.S. Courthouse
402 East State St.
Trenton, NJ 08608

Re: *Leguia v. Secretary of State, et al.*
*Civil Action No. 3:26-cv-10263-ZNQ-TJB*

Dear Judge Quraishi:

Please accept this letter brief in lieu of a more formal submission on behalf of the New Jersey Republican State Committee, Inc. ("NJRSC") addressing the applicability of New Jersey's Entire Controversy Doctrine (the "Doctrine") pursuant to the Court's August 27, 2026 Text Order. ECF 34.

## I. THE ENTIRE CONTROVERSY DOCTRINE BARS PLAINTIFF'S CLAIMS

The Doctrine bars Plaintiff's claims just like Rooker-Feldman does, and for similar reasons.[1] The Doctrine "embodies the principle that the adjudication of a **legal controversy** should occur in one litigation in only one court." United States ex. rel. Charte. American Tutor, Inc., 934 F.3d 346, 351 (3d Cir. 2019) (quoting Cogdell by Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 15 (1989) (emphasis added)). The Doctrine, codified in Rule 4:30A, "encompasses 'virtually all causes,

[1] Plaintiff now concedes, as she must, that the source of her constitutional injury is the Appellate Division judgment, not an action of the Secretary of State. ECF 35. This is tantamount to a concession that her claim is barred by the Rooker-Feldman doctrine as explained in NJRSC's opposition brief. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The federal district court lacks subject matter jurisdiction.

claims, **and defenses relating to a controversy**" between parties engaged in a litigation." Olds v. Donnelly, 150 N.J. 424, 433 (1997) (quoting Cogdell, 116 N.J. at 16 (emphasis added)). The Doctrine "prevent[s] a party from voluntarily electing to hold back a related **component of the controversy** in the first proceeding by precluding it from being raised in a subsequent proceeding thereafter." Oltremare v. ESR Custom Rugs, Inc., 330 N.J. Super. 310, 315 (App. Div. 2000) (emphasis added). Courts apply the Doctrine to prevent piecemeal litigation, avoid judicial inefficiency, and ensure fairness by resolving all aspects of a dispute in one proceeding. Wadeer v. New Jersey Mfrs. Ins. Co., 220 N.J. 591, 605 (2015). The Doctrine "embodies the principle that the **adjudication of a legal controversy should occur in one litigation in only one court**; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." Id. (quoting Highland Lakes County Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009)) (emphasis added).

The Doctrine bars Plaintiff's claims here because they were part of the same legal controversy that was finally adjudicated in the state court litigation.

A. Plaintiff's Constitutional Claims Arise from the Same Set of Facts.

The Doctrine applies where controversy in the prior action and the current action "arise from related facts or the same transaction or series of transactions.'" Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 109 (2019) (quoting DiTrolio v. Antiles, 142 N.J.253, 267 (1995)). "'It is the core set of facts that provides the link between distinct claims against the same parties ... and triggers the requirement that they be determined in one proceeding.'" Wadeer., 220 N.J. at 605 (quoting DiTrolio, 142 N.J. at 267-68). Here, there is no dispute that the state court litigation, which resulted in Plaintiff's nominating petition being rejected, arose from the same set of facts presented to this Court. Common sense also dictates that a "facial" and an "as-applied" constitutional challenges to the same statute arise from the same set of facts.

B. Plaintiff's Constitutional Claims Were Known and Had Accrued.

There also can be no dispute that Plaintiff's constitutional claims were known and had accrued at the time of the state court litigation. "A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action." Silver Enters., Inc. v. Twp. of Freehold, No. CIV.A. 07-2322(JAP), 2008 WL 4068156, at *3 (D.N.J. Aug. 22,

2008). Plaintiff briefed the constitutionality of N.J.S.A. 19:13-7 and the application of Arsenault v. Way, 539 F.Supp. 3d 335 (D.N.J. 2021) before the Administrative Law Judge ("ALJ"); demonstrating her awareness of the constitutional issues at the earliest stage of the state court litigation. See ECF 23-2 at page 2.

The fact that Plaintiff now asserts claims based upon different legal theories does not change this analysis because the Doctrine applies to later actions asserting different legal theories based on the same set of facts. Printing Mart-Morristown, Inc. v. Rosenthal, 650 F. Supp. 1444, 1447 (D.N.J. 1987), aff'd, 856 F.2d 184 (3d Cir. 1988), and aff'd sub nom. Appeal of Printing Mart-Morristown, Inc., 856 F.2d 184 (3d Cir. 1988). In Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey, 105 F.4th 67 (3d Cir. 2024), the Third Circuit affirmed dismissal of a § 1983 action on claim preclusion grounds where the plaintiff had raised the same constitutional objections in a state court enforcement proceeding that it later sought to relitigate in federal court. The court emphasized that litigants get one opportunity to make their arguments — not two — and that they cannot file a federal lawsuit to hedge against a potentially unfavorable state ruling. The court held that "being in a defensive posture when raising constitutional claims does not alter the claim preclusion analysis." Id. at 81. The court further held that the plaintiff had no right to return to federal court to relitigate its federal constitutional claims after the state court rejected those claims. Id. at 84. The result should be the same here.

C. Plaintiff Had a Full and Fair Opportunity to Litigate Her Constitutional Challenges to N.J.S.A. 19:13-7.

The extensive state court litigation that preceded this case shows that Plaintiff had a full and fair opportunity to litigate her constitutional challenge to N.J.S.A. 19:13-7 such that the Doctrine bars her claims now. Plaintiff first raised the constitutionality of N.J.S.A. 19:13-7, relying on Arsenault v. Way, 539 F. Supp. 3d 355 (D.N.J. 2021), at the earliest possible point in the process before the ALJ. Whether those constitutional issues were brought before the Court as a claim or defense is a distinction without meaning: the Doctrine applies equally to all **"claims, and defenses relating to a controversy[.]"** Olds, 150 N.J. at 433 (emphasis added). Plaintiff briefed the constitutionality of the in-state circulator residency requirement and could have—but chose not to—present testimony or otherwise establish a factual record at the hearing before the ALJ to support her arguments.[2] The *post hoc* attempt to claim that there was no reason to create a

[2] While it is unknown whether they were asked to appear, the circulators did not testify at the hearing before the ALJ either; just as they did not appear before this Court at the TRO hearing.

record to support her constitutional argument because the NJRSC was the objector in state court is not credible and illustrates why the Doctrine bars not only claims that were asserted, but that could have been asserted in prior litigation. Wadeer., 220 N.J. at 605.

While the ALJ ultimately found he lacked jurisdiction to decide the constitutional question that Plaintiff presented, the Appellate Division **did** reach the issue when it rejected the argument that the Secretary could decline to enforce a valid statute as unconstitutional in light of Arsenault. The Secretary, invited by the Appellate Division to participate in the litigation, argued that he had not declared N.J.S.A. 19:13-7 unconstitutional but had taken it upon himself to perform the same constitutional analysis as Arsenault by discontinuing the residency requirements for all nominating petitions. ECF 23-2 at 1, 3.

The procedural mechanisms that were available to Plaintiff to build a record and flesh out her constitutional claims or defenses cannot be overemphasized. Plaintiff could have moved to supplement the record before the Appellate Division, N.J. Court R. 2:5-5(b), moved for a limited remand to develop a factual record, N.J. Court R. 2:9-1(b) or asked the Appellate Division to directly decide the constitutionality of N.J.S.A. 19:13-7. N.J. Court R. 2:10-5.[3] She did not do so. Whether or not Plaintiff was aware of her options does not change the fact that those options were available. Ultimately, the Appellate Division held that the Secretary could not ignore the statute noting that "[i]t is well-settled that '**statutes are entitled to a presumption of validity that is overcome only by a showing that the statute is 'clearly repugnant to the Constitution.**'" ECF 23-2 at 3 (quoting New Jersey L. Enf't Sup'rs Ass'n v. State, 414 N.J. Super. 111, 118 (App. Div. 2010) (emphasis added).) In other words, the Appellate Division considered and rejected Plaintiff's constitutional challenge to N.J.S.A. 19:13-7. The Appellate Division's determination was on the merits and is entitled to preclusive effect.

Plaintiff next sought to take her constitutional challenge to the New Jersey Supreme Court, who allowed expedited briefing on the issue, before ultimately denying certification "observ[ing] that [Plaintiff] could have, but did not, raise a constitutional challenge before the Superior Court." ECF 23-6 at 1. In other words, Plaintiff could have raised her constitutional challenge to N.J.S.A. 19:13-7

---

This illustrates the importance of requiring circulators to reside within the political boundaries of this State.

[3] Notably, that is exactly what Plaintiff did in her Petition for Certification to the New Jersey Supreme Court.

previously, and her failure to do so precluded the Supreme Court from reaching the issue for the first time on a petition for certification. The Supreme Court also faulted Plaintiff for failing to create a factual record on which to assess her as-applied constitutional challenge to N.J.S.A. 19:13-7.

Plaintiff made strategic decisions regarding how she chose to litigate her constitutional arguments. She chose not to take the opportunities available to her to establish a factual record by which the state court could assess her as-applied challenge. Those choices had consequences under the Entire Controversy Doctrine and bar her claims now. See Tancrel v. Mayor and Council of Bloomfield Tp., 583 F. Supp. 1548, 1522 (D.N.J. 1984) (Doctrine barred subsequent § 1983 claims where plaintiffs lost their constitutional challenge in state court); Rodsan v. Borough of Tenafly, No. CIV.A. 10-1923 MAS, 2011 WL 2621016, at *15 (D.N.J. June 30, 2011) (applying the Entire Controversy to bar claims after recognizing that the plaintiffs had already taken their claims "through the entire state court system").

That all issues related to ballot access are supposed to be litigate to finality in the petition objection process and any resulting state court appeal is illustrated by the tight statutory deadlines for designing and printing ballots. Petitions must be filed on June 2, N.J.S.A. 19:13-9, objections finally determined by June 11, N.J.S.A. 19:13-11, ballots finalized for preparation by August 31, N.J.S.A. 19:14-1, and vote by mail ballots mailed by September 19. N.J.S.A. 19:63-5. There is no time allowed in the process for a state court loser to relitigate the issue of ballot access in District Court by challenging the constitutionality of the rule that resulted in their removal from the ballot. This practical reality illustrates why the Doctrine applies to bar such claims, even when they are raised as defenses in the petition objection process.

## II. THE MERE QUESTION THAT THE DOCTRINE COULD APPLY DEMONSTRATES THAT PLAINTIFF'S RIGHT TO RELIEF IS NOT INDISPUTABLY CLEAR

Even the *potential* applicability of the Entire Controversy Doctrine bars Plaintiff's claims because her right to relief is not indisputably clear. Hope v. Warden York Cnty., Prison, 972 F.3d 310 (3d Cir. 2020); Trinity Indus. , Inc. v. Chicago Bridge & Iron Co., 735 f.3d 131 (3d Cir. 2013). Here, the factual predicate for the Doctrine's applicability is in dispute, further demonstrating that Plaintiff's right to relief is not indisputably clear, and the Court should deny Plaintiff mandatory injunctive relief.

For all the reasons stated, the Court should deny Plaintiff's request for a temporary restraining order and preliminary injunctive relief and dismiss this case.

Respectfully submitted,

*/s/ Maureen T. Coghlan*
MAUREEN T. COGHLAN
JASON SENA
**ARCHER & GREINER, P.C.**

MTC: